1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID SABINO QUAIR, III,                    No.  2:19-cv-1106 DB P

12                 Plaintiff,

13         v.                                      ORDER

14    CDCR HQ, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983. Previously, plaintiff's complaint was screened and found

19   lacking a cognizable claim. Plaintiff's first amended complaint is now before the Court.

20   **I.       Screening Requirement**

21         The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion

22   thereof, that may have been paid, the court shall dismiss the case at any time if the court

23   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

24   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

25   **II.      Pleading Standard**

26         Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

27   immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

28   7Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source

1  of substantive rights, but merely provides a method for vindicating federal rights conferred

2  elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

3        To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

4  right secured by the Constitution or laws of the United States was violated and (2) that the alleged

5  violation was committed by a person acting under the color of state law.  See West v. Atkins, 487

6  U.S. 42, 48 (1988); Ketchum v. Alameda 553e., 811 F.2d 1243, 1245 (9th Cir. 1987).

7        A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

9  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

11  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

12  matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial

13  plausibility demands more than the mere possibility that a defendant committed misconduct and,

14  while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

15  **III.  Discussion**

16        As with his original complaint, plaintiff's allegations in the first amended complaint are so

17  vague and conclusory that the Court is unable to determine the viability of any claim. For

18  example, while plaintiff alleges that "California Department of Corrections and Rehabilitation

19  Headquarters has maintained its employees to obstruct and censor all [of plaintiff' mail] marked

20  incoming and outgoing," this assertion is incoherent, it lacks relevant details, and it is not linked

21  to any of the named defendants.[1] Similarly, plaintiff alleges that his equal protection rights have

22  been violated during disciplinary hearings, but there are no facts to inform any of the defendants

23  or the Court how these rights were violated, when they were violated, or by whom. Finally,

24  plaintiff alleges that he is a transgendered inmate with hepatitis C and diabetes and that he has

25  been subjected to verbal harassment and psychological harm, but it is not clear how, when, or by

26

27  [1] The named defendants are Ralph Diaz, the Director of the California Department of Corrections
   and Rehabilitation; Julie Dyzynski, "AGPA" at the Office of Internal Affairs; M. Voong, Chief of
28  Inmate Appeals; and Timothy M. Lockwood, Director of "Policy & Reg Mng."

1   whom. Without these necessary details, plaintiff's first amended complaint is also subject to

2   dismissal for failure to state a claim.

3        As plaintiff was previously informed, he must demonstrate that each named defendant

4   personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v.

5   Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d

6   1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the

7   theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held

8   liable if they "participated in or directed the violations, or knew of the violations and failed to act

9   to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652

10  F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). Plaintiff's complaint

11  fails to provide any level of detail as to how the defendants were personally involved in the

12  violations of his rights. For this reason alone, plaintiff's complaint is subject to dismissal.

13       Plaintiff was also informed that the complaint must not force the Court and defendant to

14  guess at what is being alleged against whom, require the Court to spend its time "preparing the

15  'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and

16  defendant to prepare lengthy outlines "to determine who is being sued for what." McHenry v.

17  Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Brazil v. U.S. Dept. of Navy, 66 F.3d 193,

18  199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the

19  court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in

20  providing a defendant with notice of what it is that it allegedly did wrong").

21       Because it remains unclear what each of the defendants did, how plaintiff has been denied

22  proper medical care, who has subjected him to attacks, and in what manner his due process rights

23  have been violated, the Court is forced to conclude that the first amended complaint is also

24  subject to dismissal.

25  **IV.    Conclusion**

26       Plaintiff's first amended complaint fails to state a claim. The Court will grant plaintiff **one**

27  **final** opportunity to file an amended complaint to cure noted defects, to the extent he believes in

28  good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively,

1    plaintiff may forego amendment and notify the Court that he wishes to stand on his first amended

2    complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff

3    may elect to forego amendment).

4        If plaintiff wishes to proceed on his first amended complaint as written, the undersigned

5    will issue findings and recommendations recommending that the first amended complaint be

6    dismissed with leave to amend, plaintiff will be provided an opportunity to file objections, and the

7    matter will be decided by a district judge.

8        If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a

9    deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth

10   "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting

11   Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity

12   to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607

13   (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order

14   and focus his efforts on curing the deficiencies set forth above.

15       If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must

16   state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

17   Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be

18   [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555

19   (citations omitted).

20       Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375

21   F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or

22   superseded pleading," Local Rule 220.

23       Accordingly, it is **HEREBY ORDERED** that:

24   1.  The Clerk's Office shall send plaintiff a blank civil rights complaint form;

25   2.  Within thirty (30) days from the date of service of this order, plaintiff must:

26       a.      File a second amended complaint curing the deficiencies identified by the

27               Court in this order, or

28

4

1     b.  Notify the Court in writing that he wishes to stand on his first amended

2  complaint as written; and

3   3.  If plaintiff fails to comply with this order, the undersigned will recommend the action

4 be dismissed for failure to obey a court order and failure to prosecute.

5 Dated:  August 25, 2020

6

7

8                   DEBORAH BARNES
                  UNITED STATES MAGISTRATE JUDGE

9

10

11 /DLB7;
   DB/Inbox/Substantive/quai1106.scrn 1AC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28