UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SABINO QUAIR, III,

Plaintiff,

v.

CDCR HQ, et al.,

Defendants.

No. 2:19-cv-1106 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion to compel the "CDCR-HQ, et al to produce all discovery" for plaintiff. (ECF No. 12.) This request will be denied because it is vague, conclusory, and premature as plaintiff has not yet stated a cognizable claim against any defendant. (See ECF Nos. 15, 22.)

Plaintiff has also filed a motion to compel "the office of the clerk in the Eastern, Northern, and Central Districts to produce all scheduling orders and all motions submitted since 10-28-18." (ECF No. 13.) The Court construes this motion as a request for a copy of the docket and orders filed in each of plaintiff's cases since October 28, 2018. The Court, however, cannot grant plaintiff's request as to any case other than this one. This motion will therefore be granted in part.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 12) is DENIED;

2. Plaintiff's request for a copy of the docket and related court orders (ECF No. 13) is GRANTED IN PART; and

3. The Clerk of Court is directed to serve on plaintiff a copy of the docket in this case, and the Court's orders dated January 29, 2020 (ECF Nos. 15, 16) and August 26, 2020 (ECF No. 22).

On August 26, 2020, plaintiff's first amended complaint was screened and found lacking a cognizable claim. Previously, plaintiff's complaint was screened and found lacking a cognizable claim. Plaintiff's first amended complaint is now before the Court.

**I. Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. 7Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda 553e., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III. Discussion**

As with his original complaint, plaintiff's allegations in the first amended complaint are so vague and conclusory that the Court is unable to determine the viability of any claim. For example, while plaintiff alleges that "California Department of Corrections and Rehabilitation Headquarters has maintained its employees to obstruct and censor all [of plaintiff' mail] marked incoming and outgoing," this assertion is incoherent, it lacks relevant details, and it is not linked to any of the named defendants.[1] Similarly, plaintiff alleges that his equal protection rights have been violated during disciplinary hearings, but there are no facts to inform any of the defendants or the Court how these rights were violated, when they were violated, or by whom. Finally, plaintiff alleges that he is a transgendered inmate with hepatitis C and diabetes and that he has been subjected to verbal harassment and psychological harm, but it is not clear how, when, or by whom. Without these necessary details, plaintiff's first amended complaint is also subject to dismissal for failure to state a claim.

As plaintiff was previously informed, he must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). Plaintiff's complaint

[1] The named defendants are Ralph Diaz, the Director of the California Department of Corrections and Rehabilitation; Julie Dyzynski, "AGPA" at the Office of Internal Affairs; M. Voong, Chief of Inmate Appeals; and Timothy M. Lockwood, Director of "Policy & Reg Mng."

fails to provide any level of detail as to how the defendants were personally involved in the violations of his rights. For this reason alone, plaintiff's complaint is subject to dismissal.

Plaintiff was also informed that the complaint must not force the Court and defendant to guess at what is being alleged against whom, require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and defendant to prepare lengthy outlines "to determine who is being sued for what." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

Because it remains unclear what each of the defendants did, how plaintiff has been denied proper medical care, who has subjected him to attacks, and in what manner his due process rights have been violated, the Court is forced to conclude that the first amended complaint is also subject to dismissal.

**IV. Conclusion**

Plaintiff's first amended complaint fails to state a claim. The Court will grant plaintiff **one final** opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his first amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment).

If plaintiff wishes to proceed on his first amended complaint as written, the undersigned will issue findings and recommendations recommending that the first amended complaint be dismissed with leave to amend, plaintiff will be provided an opportunity to file objections, and the matter will be decided by a district judge.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting

Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, plaintiff must:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he wishes to stand on his first amended complaint as written; and
3. If plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

Dated: September 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/quai1106.scrn 1AC